# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

BALDEMAR PAYAN,

        Petitioner,

v.                                                     Case No. 07-CV-806

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

Baldemar Payan and four co-defendants were charged with drug-related offenses in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2. Payan pled guilty to count one of a second superseding indictment and was sentenced to 235 months' imprisonment and a five-year term of supervised release. The court also ordered him to pay a $1,000 fine and a $100 special assessment. Payan appealed, arguing the court incorrectly assessed a four-level leader/organizer enhancement under U.S.S.G. § 3B1.1. The Seventh Circuit affirmed Payan's conviction and sentence, and the Supreme Court denied his petition for a writ of certiorari. *United States v. Payan*, 182 Fed. Appx. 560 (7th Cir. 2006); *Payan v. United States*, 127 S. Ct. 3052 (2007).

On September 9, 2007, Payan filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the current federal sentence he is serving. Payan set forth three grounds in his § 2255 petition, and he argued that the court should vacate his sentence due to the Fifth and Sixth Amendment violations he suffered. In a Rule 4 order, this court dismissed Payan's Fifth Amendment claims and ordered his trial

attorney, Ann Bowe, and the government to respond to his ineffective assistance of counsel claims. Subsequent to the court's Rule 4 order, Payan moved to amend his petition to include an additional ineffective assistance of counsel claim – that he was denied competent counsel when his trial attorney failed to argue that the crack/cocaine disparity warranted a downward adjustment in Payan's case. Following Payan's motion to amend his original petition, the government and his trial attorney responded to Payan's original ineffective assistance of counsel claims.

## ANALYSIS

In the claims remaining in his original and amended petition, Payan argues that he suffered ineffective assistance of counsel on three grounds: (1) his attorney's representation during his plea negotiations and colloquy; (2) his attorney's failure to object to the U.S. Sentencing Guidelines § 3B1.1 role in the offense enhancement; and (3) his attorney's failure to move for a downward adjustment because of the crack cocaine and powder cocaine disparity in the United States Sentencing Guidelines.

A motion under § 2255 allows a federal prisoner to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . ., or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1. The relief is available only in limited circumstances, such as where an error is jurisdictional or of Constitutional magnitude. *See Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir.1995).

- 2 -

Case 2:07-cv-00806-JPS   Filed 02/29/08   Page 2 of 9   Document 8

A claim of ineffective assistance of counsel can be raised for the first time in a § 2255 petition. *See Massaro v. United States*, 538 U.S. 500, 509 (2003); *Richardson v. United States*, 379 F.3d 485, 486 (7th Cir. 2004). The court evaluates such a claim under the principles set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on a claim that his counsel was ineffective and below the standard required by the Sixth Amendment, Payan must demonstrate that his counsel's representation was objectively deficient and that the deficient representation prejudiced him. *See Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2002) (citing *Strickland*, 466 U.S. at 688).

Payan alleges that his attorney made several errors that denied him effective assistance of counsel during plea negotiations and at sentencing. First, he argues that his counsel fostered the misimpression that he would receive a sentence between 151 and 188 months. Second, he argues that during the plea negotiations, his counsel never advised him of the government's burden of proof for the nature and elements of the offense. Third, he argues that his counsel failed to argue that U.S.S.G. § 3B1.1(a) was not applicable to Payan. Finally, in Payan's amended petition, he argues that his attorney failed to argue that the guidelines were incorrect due to the powder cocaine and crack cocaine disparity.

At his change of plea hearing, the court advised Payan that he faced a minimum term of imprisonment of ten years and a maximum term of imprisonment of life; that the charge to which he was pleading guilty also carried a term of supervised release of at least five years and up to life; that his sentence could be

more severe than he might be expecting; that the court alone would ultimately decide what his sentence would be; that any Sentencing Guideline computation discussion with the government was not part of the plea agreement; that the government reserved the right to challenge the Sentencing Guideline computations prepared by the probation office; that even if the court's Sentencing Guideline computation was greater than he expected, he would still not be permitted to withdraw his guilty plea; and that the court had the authority in some circumstances to depart from the Sentencing Guideline computation and to impose a sentence more severe than that called for by the Sentencing Guidelines. Thus, contrary to Payan's allegations, the court advised Payan in considerable detail and in multiple ways the possible sentence he faced, how it would be calculated, and that he could not rely on his counsel's or the government's prediction about a possible sentence when he entered his plea. Under oath, Payan stated that he understood the court's admonishments and that he still wished to plea guilty. During the plea colloquy, Payan affirmed that his guilty plea was not made in reliance of a particular sentence. To be sure, he cannot now complain that he would not have pled guilty if he had known his sentence would be more severe than his lawyer predicted; he specifically disclaimed that risk at his change of plea hearing. *See United States v. Bethel*, 458 F.3d 711 (7th Cir. 2006).

In sum, having reviewed the plea colloquy, there is no basis to conclude that Payan unknowingly and involuntarily entered his guilty plea because he received ineffective assistance of counsel. Even if Payan's counsel's performance was

- 4 -

Case 2:07-cv-00806-JPS   Filed 02/29/08   Page 4 of 9   Document 8

deficient, the court's strict compliance with Rule 11 of the Federal Rules of Criminal Procedure cured any alleged prejudice Payan may have suffered as a result. Accordingly, Payan is not entitled to habeas corpus relief on the basis of counsel's alleged failure to properly advise him regarding the consequences of pleading guilty.

Next, Payan argues that he suffered ineffective assistance of counsel due to his attorney's failure to object to the four-level "leader/organizer" enhancement at the sentencing hearing. As noted above, Payan must demonstrate both a deficient performance and actual prejudice to succeed on this claim. *See Strickland*, 466 U.S. at 688.

Although this leader/organizer enhancement was not explicitly set forth in Payan's plea agreement, the presentence report prepared for Payan's sentencing hearing recommended that he receive a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a). Payan's attorney did not object to this enhancement, thereby waiving his right to have this reviewed on appeal. Prior to Payan's sentencing hearing, his attorney filed a lengthy sentencing memorandum and argued that in light of the 18 U.S.C. § 3553 considerations, Payan should be sentenced to a period of incarceration not longer than ten years. Specifically, counsel argued that Payan's personal history and somewhat overstated criminal history category did not warrant a sentence within the advisory guideline range. Counsel reiterated these comments during the sentencing hearing. His attorney made extensive arguments under the "reasonableness" standard of § 3553(a), but conceded that the guidelines were correct as calculated.

Whether or not this conduct was deficient presents a very close question. To begin, the court does find that it would have been the wiser course to object to the application of this enhancement. Indeed, it appears from the record that this enhancement was not brought to Payan's attention until his presentence report was disclosed. However, even assuming *arguendo* that Payan's attorney's conduct did fall below an objective standard of reasonableness, the court does not believe that he would be able to establish the prejudice prong of *Strickland*. Any challenge to the application of § 3B1.1 would likely have been without merit. Section 3B1.1(a) provides for a four-level "role in the offense" enhancement in the event that "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). The application notes to the guidelines further state that in determining if this enhancement applies, a court should consider

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*Id.* Application note 3. The factual basis for Payan's offense as set forth in the plea agreement hits several of these marks. The government was prepared to prove that Payan and his co-defendant, Adolph Alvarez, were directing a drug operation that transported cocaine and marijuana throughout Wisconsin and Michigan. Payan and Alvarez recruited others to participate in this drug organization and directed the

- 6 -

Case 2:07-cv-00806-JPS    Filed 02/29/08    Page 6 of 9    Document 8

activities of the recruited individuals. Payan and Alvarez would direct participants as to when and where to drive and made the drug sale arrangements. It was also clear that there were five or more individuals involved in this enterprise; five defendants were indicted in this case and several more were involved but not formally charged with Payan. Therefore, the court finds that Payan's conduct squarely fits within § 3B1.1(a)'s definition of "leader/organizer" definition and that he was appropriately given the four-level enhancement under this provision. Although this had significant consequences in terms of his guideline construct, the court notes that he was clearly not a mere "manager or supervisor" as defined by the guidelines because he had a substantial amount of control and direction over the enterprise, in addition to the fact that he and Alvarez reaped a large sum of the profits of the organization. Payan would not even be able to argue that the lesser three-level enhancement would be more appropriate. *See* § 3B1.1(b).

Because it was clear that this enhancement was appropriately applied to Payan, he is unable to demonstrate that he suffered prejudice as a result of Attorney Bowe's failure to object to the enhancement. In a habeas context, a petition is without merit if a defendant claims ineffective assistance of counsel for failing to file a motion that would have been unsuccessful. *See e.g. Allen v. Nix,* 55 F.3d 414, 417 (8th Cir.1995) (holding that where a motion is unlikely to succeed, there is no ineffective assistance of counsel for failure to file such a motion).

Moreover, the court notes that it was a sound strategy on behalf of Attorney Bowe to attack the reasonableness of a guideline sentence in light of § 3553(a)

factors. Indeed, post-*Booker*, a sentence must be fashioned after a consideration of the § 3553(a) factors, so it was perfectly reasonable for Payan's lawyer to argue that a guideline sentence did not square with these factors. Although the court ultimately found that the factors cited by Bowe did not undermine the reasonableness of the imposition of sentence within the guideline range, the court does find that these arguments were well within the "wide latitude of permissible attorney conduct." *See Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000). Accordingly, the court finds that Payan is unable to establish ineffective assistance of counsel for his attorney's failure to raise certain objections at his sentencing hearing.

Lastly, Payan argues that his attorney was ineffective for failing to request a sentencing reduction based upon the crack cocaine and powder cocaine sentencing disparity. The court finds that Bowe was not ineffective for failing to make this argument because at the time of Payan's sentencing hearing, this would have been a frivolous argument. Although the court now notes that pursuant to 18 U.S.C. § 3582(c)(2) and based upon the recent amendment to the Sentencing Guidelines, the base offense levels applicable to crack cocaine offense has been lowered and declared retroactive as of March 3, 2008. If Payan is entitled to any relief under the new guidelines, this relief may not be granted until March 3, 3008, and the court further determines a request for such relief is more appropriately brought in a motion filed in his underlying criminal case. If Payan believes he is entitled to relief under the new guidelines, he may proceed by filing a motion in Case No. 04-CR-190. That

said, it remains clear that Payan suffered no Sixth Amendment violation by his attorney failing to make such an argument at his sentencing hearing.

Accordingly,

**IT IS ORDERED** that Baldemar Payan's original and amended petitions under § 2255 [Docket #s 1 and 5] be and the same are hereby **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

- 9 -

Case 2:07-cv-00806-JPS   Filed 02/29/08   Page 9 of 9   Document 8